# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

-------------------------------------------

In re:

Steven B. Levesseur

    Debtor.

-------------------------------------------

Randall L. Seaver, Trustee

    Plaintiff,

vs.

Steven B. Levesseur,

    Defendant.

-------------------------------------------

BKY No. 06-40813

ADV No. 06-_____

**COMPLAINT**

    Plaintiff, for his Complaint against Defendant Steven B. Levesseur, states and alleges as follows:

    1.    Randall L. Seaver is the duly qualified and acting Trustee in this case.

    2.    This is an action seeking a denial of discharge of the Debtor pursuant to 11 U.S.C. §727 and a turnover of property.

    3.    This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §727, 28 U.S.C. §157 and 28 U.S.C. §1334.

    4.    This case was commenced by the filing of a voluntary petition under Chapter 7 on May 10, 2006. The §341 meeting was set for June 7, 2006 and was held on June 27, 2006.

5. On June 4, 2006 the Debtor filed an Amended Schedule B and an Amended Statement of Financial Affairs. On June 29, 2006, after the 341 meeting, the Debtor filed a Second Amended Statement of Financial Affairs. On July 12, 2006 the Debtor filed an Amended Schedule C.

6. Within the year prior to filing, the Debtor transferred or permitted to be transferred various items and transfers with the intent to hinder, delay or defraud creditors, including, but not limited to, the following:

    a. Transfer of an unencumbered 2004 Buick Park Avenue Ultra, to his mother-in-law in March, 2006.

    b. Transfer of an unencumbered 1996 Chevrolet Tahoe to his spouse in March, 2006.

    c. Transfer to his son, Jordan Levesseur, of an unencumbered 2003 Featherlite trailer in March, 2006.

    d. Transfer to his son, Justin, of an unencumbered 1983 Chevrolet truck in March, 2006.

    e. Transfer to his son, Justin, of an unencumbered 1994 Featherlite trailer in March, 2006.

    f. Transfer to his son, Justin, of an unencumbered 2001 Featherlite trailer in March, 2006.

    g. Transfer of over $19,000 in a joint account to an account held solely in his spouse's name in March, 2006.

6A. After the filing of his petition, the Defendant, with the intent to hinder, delay or defraud an officer of the estate, concealed property of the estate including, but not limited to:

    a. Concealment of items identified at paragraph 7.f., g., h., h1, I, q, r and s.

    b. Homestead value exceeding $250,000.

7. The Defendant knowingly and fraudulently, and in connection with this bankruptcy case made material omissions, false oaths and accounts in his original schedules and statement of financial affairs and concealed assets including, but not limited to, the following:

   a. The original statement of financial affairs did not disclose a transfer of the 2004 Buick Park Avenue Ultra made by the Debtor to his mother-in-law in March, 2006.

   b. The original statement of financial affairs did not disclose the transfer by the Debtor to his wife of an unencumbered 1996 Chevrolet Tahoe in March, 2006.

   c. The original statement of financial affairs did not disclose the transfer by the Debtor to his son, Jordan, of a 2005 truck made within one year prior to filing.

   d. The original statement of financial affairs did not disclose a transfer of $5,000 made by the Debtor to his son, Jordan, within 1 year of filing.

   e. The original statement of financial affairs did not disclose the purported transfer by the Debtor to his spouse of new furniture which was located in a model home which purported transfer was made within 90 days prior to filing.

   f. The Debtor also owned a John Deere tractor/mower ("Large Tractor") which the Debtor has testified has a value of $14,000. Neither that Large Tractor nor attachments were listed in the Debtor's schedules. The Debtor testified at the §341 meeting that he "suspected that" the Large Tractor had been stolen in December, 2005. The Debtor's original statement of financial affairs does not disclose, at item 8, any losses from theft within one year proceeding commencement of the bankruptcy case. At his Rule 2004 examination on July 25, 2006, the Debtor disclosed that the Large Tractor was at Isanti County Equipment. The Trustee believes and therefore alleges that the Debtor concealed the Large Tractor from the Trustee until July 25, 2006.

   g. The original schedules did not disclose his ownership of an X465 John Deere garden tractor which has a value of in excess of $4000 ("Garden Tractor").

h. The Debtor's 2005 tax return states that he purchased small tools in the year 2005 in the amount of $4,134. The only tools listed by the Debtor in his original Schedule B are listed at $1,000. That $1,000 valuation is false and the Debtor has concealed assets exceeding that value.

h.1. The Debtor's 2005 tax return states that he purchased furniture for model homes in the amount of $3,410. The only household goods listed by the Debtor are listed at $1,050. That $1,050 valuation is false and the Debtor has concealed assets exceeding that value.

i. The Debtor's 2005 tax return states that on June 30, 2005, he sold a Bobcat, a 2000 trailer and a word processor for "0.00." None of those transfers are disclosed in his statement of financial affairs.

j. The Debtor's 2005 tax returns states that 3 vehicles; 2 2004 GMC vehicles and a 2005 GMC vehicle were used more than 50% in his business. The Debtor has not scheduled ownership of any 2004 or 2005 GMC, and did not, in his statement of financial affairs disclose any transfers of those vehicles.

k. The Debtor's 2005 tax returns states that he transferred a mower for no consideration on September 1, 2005. That transfer is not disclosed in his statement of financial affairs.

l. The original Schedule B did not disclose the Debtor's ownership of a Rolex watch or, alternatively, a transfer a two Rolex watch.

m. The Debtor's original statement of financial affairs did not disclose the transfer to his son, Jordan Levesseur, of a 2003 Featherlite trailer in March, 2006.

n. The Debtor's original statement of financial affairs did not disclose the transfer to his son, Justin Levesseur, of a 2001 Featherlite trailer in March, 2001.

o. The Debtor's original statement of financial affairs did not disclose the transfer to his son, Justin Levesseur, of a 1994 Featherlite trailer in March, 2001.

p. The Debtor's original statement of financial affairs did not disclose the transfer to his son, Justin Levesseur, of an unencumbered 1983 Chevrolet truck in March, 2006.

q.  While the original Schedule B, disclosed a "Bobcat" it did not disclose the several attachments to the Bobcat owned by the Debtor including, without limitation, a trencher, pallet lift, auger, and snow bucket. The Debtor now asserts that they were stolen in late 2005, but the statement of financial affairs does not disclose any such theft. The Trustee believes and therefore alleges that at least the auger, trencher and pallet attachments have been concealed by the Debtor.

r.  The Debtor's original Schedule B did not disclose the existence of a $1,900 deposit which had been made by the Debtor with Fish Lake Township which the Debtor knew would be returned upon approval of model home driveways.

s.  The Debtor's Schedules A and C and Amended Schedule C state the value of his homestead as $403,700. His 2005 financial statement to River Bank and 1st State Bank of Wyoming state the value as $700,000 and his 2004 financial statement to River Bank and 1st State Bank of Wyoming state the value as $650,000. His Schedules A and C and Amended Schedule C values are false.

t.  The first Schedule B falsely stated that monies in the Debtor's account at 1st State Bank of Wyoming were all wages.

u.  The first Statement of Financial Affairs at item 19(a) falsely stated that the Debtor had not provided any financial statements to financial institutions in the two years prior to filing bankruptcy.

v.  The Debtor's July, 2005 financial statements listed a joint account at Dean Witter with his spouse. The Dean Witter account was closed in spring of 2006 and over $20,000 transferred into an account held solely in the name of Kathleen Levesseur. Neither the transfer nor the closing of the account were disclosed in the Debtor's first statement of financial affairs, first amended statement of financial affairs nor the second amended statement of financial affairs.

8. The Defendant knowingly and fraudulently, and in connection with this bankruptcy case made material omissions, false oaths and accounts in his first amended

5

schedules and statement of financial affairs and concealed assets including, but not limited to, the following:

- a. The first amended statement of financial affairs did not disclose the transfer by the Debtor to his wife of an unencumbered 1996 Chevrolet Tahoe truck within 90 days prior to filing.

- b. The first amended statement of financial affairs did not disclose the transfer by the Debtor to his son, Jordan, of a 2005 truck made within one year prior to filing.

- c. The first amended statement of financial affairs did not disclose a transfer of $5,000 made by the Debtor to his son within 1 year of filing.

- d. The first amended statement of financial affairs did not disclose the purported transfer by the Debtor to his spouse of new furniture which was located in a model home which purported transfer was made within 90 days prior to filing.

- e. The first amended schedules did not disclose his ownership of an X465 John Deere garden tractor which has a value of in excess of $4000 ("Garden Tractor").

- f. The Debtor also owned a John Deere tractor/mower ("Large Tractor") which the Debtor has testified has a value of $14,000. Neither that Large Tractor nor attachments were listed in the Debtor's schedules. The Debtor testified at the §341 meeting that he "suspected that" the Large Tractor had been stolen in December, 2005. The Debtor's amended statement of financial affairs does not disclose, at item 8, any losses from theft within one year proceeding commencement of the bankruptcy case. At his Rule 2004 examination on July 25, 2006, the Debtor disclosed that the Large Tractor was at Isanti County Equipment. The Trustee therefore believes and alleges that the Debtor concealed the Large Tractor from the Trustee until July 25, 2006.

- g. The Debtor's 2005 tax return states that he purchased small tools in the year 2005 in the amount of $4,134. The only tools listed by the Debtor in his first amended Schedule B are listed at $1,000. That $1,000 valuation is false and the Debtor has concealed assets exceeding that value.

h.  The Debtor's 2005 tax return states that he purchased furniture for model homes in the amount of $3,410. The only household goods listed by the Debtor are listed at $1,050. That $1,050 valuation is false and the Debtor has concealed assets exceeding that value.

i.  The Debtor's 2005 tax return states that on June 30, 2005, he sold a Bobcat, a 2000 trailer and a word processor for "0.00." None of those transfers are disclosed in his first amended statement of financial affairs.

j.  The Debtor's 2005 tax returns states that 3 vehicles; 2 2004 GMC vehicles and a 2005 GMC vehicle were used more than 50% in his business. The Debtor has not scheduled ownership of any 2004 or 2005 GMC, and did not, in his first amended statement of financial affairs disclose any transfers of those vehicles.

k.  The Debtor's 2005 tax returns states that he transferred a mower for no consideration on September 1, 2005. That transfer is not disclosed in his statement of financial affairs.

l.  The first amended Schedule B did not disclose the Debtor's ownership of a Rolex watch or, alternatively, the purported transfer of a Rolex watch in late 2005.

m.  The Debtor's first amended statement of financial affairs did not disclose the transfer to his son, Jordan Levesseur, of a 2003 Featherlite trailer in March, 2006.

n.  The Debtor's first amended statement of financial affairs did not disclose the transfer to his son, Justin Levesseur, of a 2001 Featherlite trailer in March, 2001.

o.  The Debtor's first amended statement financial affairs did not disclose the transfer to his son, Justin Levesseur, of a 1994 Featherlite trailer in March, 2001.

p.  The Debtor's first amended statement of financial affairs did not disclose the transfer to his son, Justin Levesseur, of a 2001 Featherlite trailer in March, 2001.

q.  While the original Schedule B, disclosed a "Bobcat" it did not disclose the several attachments to the Bobcat owned by the Debtor including, without limitation, a trencher, pallet lift, auger, and snow bucket. The Debtor now

asserts that they were stolen in late 2005, but the statement of financial affairs does not disclose any such theft. The Trustee believes and therefore alleges that at least the auger, trencher and pallet attachments have been concealed by the Debtor.

r. The Debtor's first amended Schedule B did not disclose the existence of a $1,900 deposit which had been made by the Debtor with Fish Lake Township which the Debtor knew would be returned upon approval of driveways.

s. The first amended Schedule B falsely stated that monies in the Debtor's 1st State Bank of Wyoming were all wages.

t. The first amended Statement of Financial Affairs at item 19(a) falsely stated that the Debtor had not provided any financial statements to financial institutions in the two years prior to filing bankruptcy.

u. The first amended Statement of Financial Affairs falsely stated that the Large Tractor was stolen in December, 2005.

v. The Debtor's July, 2005 financial statements listed a joint account at Dean Witter with his spouse. The Dean Witter account was closed in spring of 2006 and over $20,000 transferred into an account held solely in the name of Kathleen Levesseur. Neither the transfer nor the closing of the account were disclosed in the Debtor's first statement of financial affairs, first amended statement of financial affairs nor the second amended statement of financial affairs.

9. The Defendant knowingly and fraudulently, and in connection with this bankruptcy case made material omissions, false oaths and accounts in his second amended statement of financial affairs including, but not limited to, the following:

a. The second amended statement of financial affairs falsely states that Debtor transferred a 2030 Featherlite trailer to his son in January of 2005. That transfer occurred in March, 2006.

b. The second amended Statement of Financial Affairs at item 19(a) falsely stated that the Debtor had not provided any financial statements to financial institutions in the two years prior to filing bankruptcy.

8

c. The second amended Statement of Financial Affairs falsely states that the Debtor transferred a 1983 Chevrolet truck, a 1994 Featherlite trailer and a 2001 Featherlite trailer to his son, Justin, in November, 2004. The transfers occurred in March, 2006.

d. The second amended Statement of Financial Affairs did not disclose the purported transfer of a Rolex watch in late 2005.

e. The second amended Statement of Financial Affairs did not disclose the purported theft of Bobcat attachments in late 2005.

f. The second amended Statement of Financial Affairs falsely stated that the Large Tractor was stolen in December, 2005.

g. The Debtor's July, 2005 financial statements listed a joint account at Dean Witter with his spouse. The Dean Witter account was closed in spring of 2006 and over $20,000 transferred into an account held solely in the name of Kathleen Levesseur. Neither the transfer nor the closing of the account were disclosed in the Debtor's first statement of financial affairs, first amended statement of financial affairs nor the second amended statement of financial affairs.

10. At the Chapter 7 §341 meeting the Defendant made various false statements while under oath, including, but not limited to the following:

a. The Debtor falsely testified that, other than the transfer of houses, an Envoy, a PT Cruiser, and the 2004 Buick, he had made no transfers in the year prior to filing. That testimony was false as evidenced by the foregoing paragraphs of this complaint.

b. The Debtor testified that he had listed all of his assets in the schedules and amended schedules. That testimony was false as indicated by the foregoing paragraphs of this complaint.

c. The Debtor testified that the information contained in his schedules and statement of financial affairs was true and correct. That testimony was false as indicated by the foregoing paragraphs of this complaint.

d. The Debtor testified that he "suspected" that Large Tractor had been stolen. That testimony was false, as the Large Tractor was at Isanti County Equipment.

9

e. The Debtor testified that he had provided the Trustee with a true and correct copy of his 2005 tax returns. That testimony was false. In fact, the Debtor had altered the federal return before providing it to the Trustee by removing several pages of the federal return.

11. The Debtor has failed to satisfactorily explain the purported loss of assets pre-petition or deficiency of assets to meet his liabilities including, without limitation, the following:

a. Disposition of $125,000 in personal property listed in 2005 financial statements to River Bank and First State Bank of Wyoming.

b. Disposition of $250,000 in "other assets" listed in 2005 financial statements to River Bank and First State Bank of Wyoming.

12. The Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information including books, documents, records and papers from which his financial condition or business transactions might be ascertained including, but not limited to, the following:

a. Documents supporting the purported consideration for transfers made to his sons Jordan and Justin Levesseur within two years prior to commencement of the bankruptcy case.

b. Purported sale of a Rolex watch.

c. Police reports relating to the purported theft of Bobcat attachments.

13. The above-described actions and inactions of the Defendant constitute violations of 11 U.S.C. §727(a)(2)(4).

WHEREFORE, the Trustee seeks an order of this Court granting the following relief:

1. That the discharge of Steven B. Levesseur be denied pursuant to the provisions of 11 U.S.C. §727 including §§727(a)(2), (a)(3), (a)(4) and (a)(5).

2. Ordering the Defendant to turnover to the Plaintiff:

a. X465 John Deere garden tractor; and

      b.        All tools with value in excess of $1,000.

      c.        The pallet lift, trencher and auger for the Bobcat.

3.        That the court grant such other and further relief as may be just and equitable.

                                                           **FULLER, SEAVER & RAMETTE, P.A.**

Dated: August 1, 2006                        By: /e/ Randall L. Seaver
                                                            Randall L. Seaver        152882
                                                             12400 Portland Avenue South, Suite 132
                                                             Burnsville, MN 55337
                                                             (952) 890-0888

                                                             Attorneys for Plaintiff